UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-01078-DMG-SP | Date | November 6, 2026 |
| Title | Jason Douglas McEvoy v. The State of California, et al. | | |

| | |
|---|---|
| Present: The Honorable | Sheri Pym, United States Magistrate Judge |

| | | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| n/a | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Exhaust and Under *Younger* Abstention Doctrine**

On October 20, 2025, petitioner Jason Douglas McEvoy, a California prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of California ("Petition"). That court transferred the Petition to this district, and the Petition was filed in this court on March 9, 2026.

Meanwhile, petitioner had filed a habeas petition in this court on December 15, 2025, in case number 5:25-cv-03406 (the "3406 Petition"), which raises essentially the same claims raised in the instant Petition. In both cases, petitioner complains of problems in one or more ongoing criminal cases in the Superior court, namely, that his legal materials are being confiscated and he is being denied access to a law library, violating his right to represent himself, and that his prosecution is unlawful. In both cases petitioner seeks a stay of the state court cases. In the 3406 Petition petitioner explicitly requests release, whereas in the instant Petition petitioner seeks dismissal of the two state criminal cases pending against him.

Having reviewed the Petition filed in this case, it appears that the Petition here suffers from the same defects as the 3406 Petition: among other things, petitioner has not exhausted his state remedies with respect to the grounds raised in his Petition; and petitioner appears to be seeking relief in an ongoing state court criminal case, but such intervention by this federal court is precluded by the *Younger* Abstention Doctrine. The court will not make a final determination regarding whether this Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-01078-DMG-SP | Date | November 6, 2026 |
| Title | Jason Douglas McEvoy v. The State of California, et al. | | |

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **November 27, 2026**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## The Exhaustion Requirement

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882,888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

Although the Petition in this case is not entirely clear, petitioner is complaining that his right to represent himself in two ongoing state criminal cases has been interfered with in that his legal papers have been confiscate and he has been denied access to a law library. Petitioner also challenges the lawfulness of his prosecution. Petitioner asks this court to stay and dismiss the state cases. There is no indication that any of the claims petitioner raises has been ruled on by the California Supreme Court, nor could they likely have been given that these appear to be ongoing matters. As such, it appears none of the grounds raised has yet been exhausted. If this is correct, the Petition is subject to dismissal.

## ***Younger* Abstention Doctrine**

The *Younger* Abstention Doctrine prohibits federal courts from staying or enjoining pending state criminal court proceedings or "considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that extraordinary circumstances warrant federal intervention." *Brown v. Ahern*, 676 F.3d 899, 901 (9th Cir. 2012) (internal quotation marks omitted); *see Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). *Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

Here, petitioner indicates the claims he raises are matters he is experiencing in an ongoing criminal in the Superior Court. If so, the first two *Middlesex* elements for the *Younger* Abstention Doctrine to be invoked are plainly present here. There is an ongoing state proceeding, i.e., the criminal cases against petitioner. And the criminal proceedings implicates important state interests because they involve an alleged violation of state criminal law that is being adjudicated in state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (enforcement of state court judgments and orders implicates important state interests); *see also People of State of Cal. v. Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) ("A [state's] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty."). As for the third *Middlesex* element, although petitioner argues he has been denied the relief he seeks here, petitioner gives no indication that he has been unable to raise his constitutional claims in the pending state case. "The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). There is no indication petitioner here faces such procedural bars.

Petitioner is asking this court to intervene in his pending state criminal cases by staying and dismissing the cases. There appears to be no "extraordinary circumstances" present here that would warrant such federal intervention. Thus, even if petitioner had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-01078-DMG-SP | Date | November 6, 2026 |
| Title | Jason Douglas McEvoy v. The State of California, et al. | | |

exhausted his state court remedies, it appears this court should still abstain under *Younger*.

**Petitioner's Options**

The Ninth Circuit has stated that lower courts "'have no obligation to act as counsel or paralegal to *pro se* litigants.'" *Ford v. Pliler*, 590 F.3d 782, 787 (9th Cir. 2009) (quoting *Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004)). But the Ninth Circuit has also recognized that courts may provide pro se litigants with "accurate instruction" before dismissing a "mixed" petition containing both exhausted and unexhausted claims. *See id.* at 786 ("The district court gave [the petitioner] accurate instruction before dismissing his mixed habeas petitions without prejudice. *Pliler* does not allow us to require anything more."). Petitioners with fully unexhausted petitions have some of the same options. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016); *Henderson*, 710 F.3d at 874. Accordingly, the court presents petitioner with the following options:

**Option 1:**

If petitioner contends that he has in fact exhausted his state court remedies on the grounds raised in his federal habeas Petition, and that the *Younger* Abstention Doctrine should not apply here, he should clearly explain this in a written response to this Order to Show Cause. The written response must be filed on or before **November 27, 2026**. Petitioner should attach to his response copies of any documents establishing that he claims are indeed exhausted. (Petitioner may also file a response, and include a notice that, if the court still finds the petition to be unexhausted, he alternatively selects one of the other options discussed below.)

**Option 2:**

Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01078-DMG-SP | Date | November 6, 2026 |
|---|---|---|---|
| Title | Jason Douglas McEvoy v. The State of California, et al. | | |

**Option 3:**

If petitioner contends that some of his claims are unexhausted but some are not, petitioner may request a voluntary dismissal of only the unexhausted claims, and elect to proceed on only his exhausted claims. **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The court advises petitioner, however, that if petitioner elects to proceed now with only certain claims, any future habeas petition containing the dismissed grounds for relief or other claims that could have been raised in the instant petition may be rejected as successive (or may be time-barred). In addition, petitioner may not be able to proceed on his exhausted claims if he has a pending state case from which this court should abstain under *Younger*.

**Option 4:**

Pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), and *Mena v. Long*, 813 F.3d at 910-12, petitioner may ask the court to stay all of the claims in the petition while petitioner returns to the state courts to exhaust his already pled but unexhausted claims. To obtain a stay of this case pursuant to *Rhines*, petitioner is required to: (a) show good cause for his failure to exhaust his claims in state court earlier; and (b) show that his claims are not "plainly meritless." *See id.* at 277. (Petitioner also may request a *Rhines* stay, and include a notice that, if the court denies the *Rhines* stay, he alternatively selects one of the other options.)

**Option 5:**

If petitioner contends some of his claims are unexhausted but some are not, pursuant to *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), petitioner may dismiss his unexhausted claims and ask the court to stay his remaining, fully exhausted claims while he returns to the state courts to exhaust his dismissed claims. The court advises petitioner, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. *Mayle v. Felix*, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). (Petitioner also may request a *Kelly* stay, and include a notice that, if the court denies the *Kelly* stay,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01078-DMG-SP | Date | November 6, 2026 |
|---|---|---|---|
| Title | Jason Douglas McEvoy v. The State of California, et al. | | |

he alternatively selects one of the other options.)

**Caution**

Petitioner is cautioned that if he requests a stay and the court denies the request for a stay, or if petitioner contends that he has in fact exhausted his state court remedies on all grounds and the court disagrees, the court may recommend that his petition be dismissed. Accordingly, as noted above, petitioner may select options in the alternative.

In sum, in order to select Option 1, petitioner must file a response to this Order showing all grounds are exhausted and that the *Younger* Abstention Doctrine should not apply. In order to select Options 2 or 3, petitioner may file the attached Notice of Dismissal form and fill it out according to his choice. In order to select Options 4 or 5, petitioner must file a written response requesting a stay pursuant to either *Rhines* or *Kelly*. With Options 1, 4, or 5, petitioner may select an alternative option in the event the court finds certain claims unexhausted[, that a petition remains pending in state court,] and/or denies the request for a stay. Whichever option petitioner selects, petitioner must file and serve the responding document clearly stating the option selected ***no later than November 27, 2026***.

**Need to Update Address of Record**

Finally, on March 18, 2026, a mailing sent to petitioner by the court in this case was returned as undeliverable. Local Rule 41-6 states in part:

> If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

Thus, going forward, petitioner must immediately notify the court and counsel for respondent of any change of petitioner's address. If petitioner fails to keep the court informed of where petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

As of now, the court is unsure of petitioner's correct address of record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-01078-DMG-SP | Date | November 6, 2026 |
| Title | Jason Douglas McEvoy v. The State of California, et al. | | |

Accordingly, in responding to this order, petitioner **must also** inform the court of his correct mailing address.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice for failure to exhaust state remedies, for failure to prosecute, and/or for failure to obey court orders.**